United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
George E. Daudlin, Jr.,                            Case No. 09-77220-R
       Debtor.                            Chapter 7
_____/

Michael A. Stevenson, Trustee,
       Plaintiff,

v.                                                   Adv. No. 10-5075

George E. Daudlin, Jr.,
       Defendant.
_____/

Opinion and Order Denying Trustee's Motion to Amend

I.

The debtor filed for chapter 7 relief on December 4, 2009. The meeting of creditors was conducted on January 14, 2010, and the bar date for filing objections to discharge was set for March 15, 2010. The parties stipulated to extend the bar date to April 15, 2010.

On April 2, 2010, the trustee filed this adversary proceeding seeking to deny the discharge pursuant to 11 U.S.C. § 727(a)(4)(D), due to the debtor's failure to turn over information relating to his property or financial affairs. In the complaint, the trustee alleges that on February 11, 2010 and March 15, 2010, he requested turnover of the debtor's personal and financial records. However, the trustee asserts that he has only received a portion of the requested documents. The trustee contends that the debtor has failed to turnover: 1) bank records for 7/1/2008 through 1/31/2010; 2) tax returns for 2009; 3) documents evidencing amounts due to the debtor; 4) shareholder agreements, financial statements, and tax returns for Wolverine Oil & Supply Co., of which the debtor is a

shareholder; and 5) documents evidencing loan repayments to creditors listed on Schedules D, E, and F.

The debtor filed an answer to the complaint on June 9, 2010. On June 15, 2010, the trustee filed this motion to amend the complaint.

II.

The trustee contends that the debtor turned over his personal financial records after the trustee filed this complaint. The trustee seeks to amend the complaint to add a count under § 727(a)(4)(A) relating to false oaths and omissions on the debtor's schedules discovered following the debtor's turnover of the withheld documents. The trustee argues that the amended complaint relates back to the original complaint because the withheld documents referenced in the original complaint form the basis of the amended complaint.

The debtor argues that all documents relied upon by the trustee in the amended complaint were delivered to the trustee before April 15, 2010. Further, the debtor asserts that the amendment is untimely and cannot relate back to the original complaint because it relies on a new set of facts to support the new count.

III.

Fed. R. Civ. P. 15(a), applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7015(a), provides:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

The trustee filed the motion to amend after the deadline to object to the discharge under Fed.

R. Bankr. P. 4004(a). Therefore, the amendment can be allowed only if it relates back to the original complaint. *See Boan v. Damrill* (*In re Damrill*), 232 B.R. 767, 772 (Bankr. W.D. Mo. 1999).

The relation back of amendments is governed by Rule 15(c), which provides in pertinent part:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]

Fed. R. Civ. P. 15(c).

In *Hancox v. Smith* (*In re Smith*), 2006 WL 3626927 (Bankr. W.D. Mo. Dec. 8, 2006), the court discussed the interplay between Rule 15(a), Rule 15(c) and Bankruptcy Rule 4004:

> Rule 15(c), like 15(a), is to be liberally construed so as to alleviate harsh decisions and allow matters to be determined on their merits rather than on technicalities. *Damrill*, 232 B.R. at 772. However, in contrast to the liberal application of Rule 15(a) and (c), Bankruptcy Rule 4004 is to be strictly construed. *Id.* citing *KBHS Broadcasting Co. Inc. v. Sanders* (*In re Bozeman*), 226 B.R. 627, 630 (B.A.P. 8th Cir. 1998). "The strict application of Rule 4004 is reflected in the bankruptcy courts' tendency to take a cautious and critical approach to untimely amendments to objections to discharge or claims of dischargeability." *Id.* citing *Pan American World Airways v. Chiasson* (*In re Chiasson*), 183 B.R. 293, 295 (Bankr. M.D. Fla. 1995) (observing that Rule 4004 is stricter than Rule 15(c) and refusing to accept untimely amendments that provided additional support for original § 727(a)(4)(A) objection and added an additional § 727 claim). "Absent good cause, new grounds for objecting to a discharge cannot be added even where 'closely akin' to what has already been alleged, after the time for such objections has expired ." *Damrill*, 232 B.R. at 773 citing *Chaudhry v. Ksenzowski* (*In re Ksenzowski*), 56 B.R. 819, 830 (Bankr. E.D.N.Y. 1985) (refusing to allow amendments that, although based on same factual situation alleged in the original complaint, attempted to state additional grounds for a denial of discharge under § 727).

*Smith* at *3.

An amended complaint relates back when it "asserts a new claim on the basis of the same core" of operative facts. *Bularz v. Prudential Ins. Co.*, 93 F.3d 372, 379 (7th Cir. 1996). An amendment is allowed if "the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading." *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001).

A review of paragraph 11 of the amended complaint establishes that the new claim requires different facts to substantiate. The facts alleged in the first complaint are that the debtor failed to turnover requested documents. The facts alleged in the amended complaint are that the debtor made false statements. The amended complaint therefore does not relate back to the original complaint.

Accordingly, the motion to amend is denied.


Not for Publication.


**Signed on August 17, 2010**

                                                    **/s/ Steven Rhodes**
                                              **Steven Rhodes**
                                              **United States Bankruptcy Judge**